<div style="text-align: right; font-variant: small-caps;">BALDREE<br>v.<br>DAVENPORT.</div>

○ ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## STERLING BALDREE *v.* F. J. DAVENPORT. A. M. COLEMAN Intervenor.

A decree of the chancery court in Alabama, and a deed of compromise executed there, that would have the effect in that State of estopping a party from setting up title to certain property, will receive a like construction in the courts of Louisiana.

A party who gives no appeal bond, cannot be heard as an appellant, without the consent of the appellee.

APPEAL from the District Court of the Parish of Morehouse, *Copley*, J.*
*McQuire* and *Ray*, for plaintiff. *Newton*, for defendant. *Parsons* and *Sharp*, for intervenor. By the court:

SLIDELL, J. We consider the judgment against *Baldree* as fully sustained by the evidence. He is estopped from setting up any title adverse to the defendants, by the decree of the chancery court in Alabama, and by the deed executed by him on the 18th of September, 1846, soon after he brought the slave to this State, in contempt of that decree. The decree of compromise is

---

*This case was decided in New Orleans.

BALDREE
v.
DAVENPORT.

inartificially drawn, but manifests a clear intention on his part to abandon all pretensions whatever to the slave. We do not doubt but that in Alabama, the decree of whose court he had grossly violated, and from whose jurisdiction he had unlawfully withdrawn the property, that deed, (aided, as it is, by the testimony of the subscribing witness, which has been received without objection) would be considered as a binding and conclusive compromise and quit claim, inuring to the benefit of *Mrs. Baldree*, and excluding him from any future pretensions against her, her trustee, heirs or assigns, or persons claiming under the trustee, *Harriet Herbert*. We see no reason why, under the circumstances of this case, a like effect should not be given to the deed in the courts of Louisiana against *Baldree*. See *Frierson* v. *Erwin*, 5 Ann. 530.

There was also judgment against the intervenor, *Coleman*, and he moved for an appeal. But he never gave any appeal bond, and cannot be heard as an appellant without the consent of the defendants. *Davis* v. *Anty*, 3 N. S. 142.

It is therefore decreed, that the judgment against *Baldree* be affirmed, and that he pay the costs of the appeal. It is further decreed that, as to the said *Coleman*, the appeal be is missed.